UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID E. KLEIN,

                              Plaintiff,

                                                    DECISION AND ORDER

                                                    08-CV-6512L

               v.

UNITED STATES OF AMERICA, et al.,

                              Defendants.
_____

          This action was commenced by David E. Klein against the United States of America
("Government"), seeking to recover funds that he alleged had been wrongfully assessed against and
collected from him by the Internal Revenue Service.   The Government answered and filed a
counterclaim against Klein as well as another individual, Rakesh Aggarwal.  (Dkt. #5.)

          In November 2009, the Government filed an application for entry of default against
Aggarwal. (Dkt. #18.) In support of that application, the Government stated that Aggarwal had been
served on June 26, 2009, by attachment of a copy of the summons and counterclaim to the front door
of Aggarwal's residence in Singapore, and by the subsequent mailing of a copy of those papers to
that same residence.  (Dkt. #18-2.)  The Government noted that Aggarwal had not appeared in the
action.  *Id.* ¶ 6.  The Clerk duly entered a default against Aggarwal on November 12, 2009.  (Dkt.
#19.)

          In October 2010, Klein and the Government settled their claims against each other, and those
claims were dismissed.  (Dkt. #25, #26.)  At about the same time, the Government moved for entry
of a default judgment against Aggarwal in the amount of $283,376.79 plus interest.  (Dkt. #27.)
Aggarwal, who still had not appeared in the action, did not respond, and judgment was entered for
the Government on October 27, 2010.  (Dkt. #29.)

On July 27, 2011, Aggarwal, through his attorney, appeared in this action for the first time, and filed a motion to vacate the default judgment. Aggarwal contends that he was never properly served in this action, and that he first learned of the default judgment against him on July 6, 2011. Aggarwal states that on that date, while he was here in Rochester to testify at a deposition in connection with another lawsuit, he was served with a subpoena to be deposed in the instant action, and with a letter from the Government demanding payment of the amount of the default judgment. *See* Dkt. #31-3, #31-4.

As stated, Aggarwal contends that he was never properly served with the summons and counterclaim in this case. He asserts that personal jurisdiction was therefore never established over him. Aggarwal seeks an order vacating the entry of the default judgment, and quashing the subpoena. Aggarwal states that he would then consent to accept service of process through his counsel, and he requests thirty days within which to answer or otherwise respond to the Government's counterclaim.

The Government contends that service was properly effected here, and that Aggarwal willfully refused to answer or respond to the Government's counterclaim. The Government also argues that the relevant factors with respect to vacating default judgments do not weigh in favor of vacating the default judgment in this case.

## DISCUSSION

"Federal Rule of Civil Procedure 4(f) governs service upon individuals in a foreign country ... ." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005). That rule provides that:

> Unless federal law provides otherwise, an individual ... may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

The parties here agree that subsections (f)(1) and (f)(2) do not apply to this case. *See* Government's Mem. of Law (Dkt. #32) at 2. The Government contends, however, that it has effected proper service under subsection (f)(3).

From that assertion, however, the Government elides over Rule 4(f)(3)'s reference to means of service "as the court orders," and proceeds to explain why, in its view, service was proper under New York law concerning service effected outside New York State. That is beside the point. Rule (f)(3) specifically provides for service "as the court orders." That never occurred here, and this Court cannot retroactively sanction the service that was attempted, or "order" it *nunc pro tunc*. Whether service would be considered proper under New York law is thus immaterial. *See Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1240 (Fed. Cir. 2010) (stating that plaintiffs' argument concerning the propriety of service under California law "confuses service of process under Rule 4(f)(3) ... with service under Rule 4(e)(1) [concerning service within the United States], which does not require a court-order and provides for service by 'following state law'"), *cert. denied*, ___ U.S. ___, 131 S.Ct. 3091 (2011). State law may provide a valid means of service under Rule 4(f)(3), but only if such service was ordered by the court. *See, e.g.*, *Western Supreme Buddha Ass'n, Inc. v. Oasis World Peace and Health Foundation*, No. 08-CV-1374, 2011 WL 856378, at *1-*2 (N.D.N.Y. Mar. 9, 2011)

(granting leave to complete service on defendant in Canada pursuant to F.R.E. 4(f)(3) and N.Y. C.P.L.R. 308(5)).

The method of service that was attempted here–by posting a copy of the papers on the door of Aggarwal's Singapore residence, and mailing a copy to that address–is not expressly provided for in the Federal Rules, and was not ordered by the Court.  As stated, the Government also does not contend that such service was proper under international or Singapore law.  Service was therefore ineffective.

In *Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004), the Court of Appeals for the Ninth Circuit, addressing a similar situation, reversed a district court's entry of a default judgment against the defendant, where the plaintiff's attempted service of process on the defendant failed to comply with Rule 4(f).  Rejecting the plaintiff's reliance on Rule 4(f)(3), the court stated that under that rule, "plaintiffs are required to take a step that the plaintiffs in this case failed to take: They must obtain prior court approval for the alternative method of serving process.  Rule 4(f)(3) thus is of no use to plaintiffs in this case."  *Id.* at 806.  *See also United States v. Machat*, No. 08 Civ. 7936, 2009 WL 3029303, at *4 (S.D.N.Y. Sept. 21, 2009) ("Declaring prior service effective *nunc pro tunc* is not appropriate because Rule 4(f)(3) requires that the means of service be ordered by the Court and the Government"s prior ineffectual efforts were not done pursuant to Court order"); *Ryan v. Brunswick Corp.*, No. 02-CV-0133, 2002 WL 1628933, at *2 (W.D.N.Y. May 31, 2002) (under Rule 4(f)(3), "other means" of service are permissible if "directed by the court," which requires a showing "that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile").

The fact that Aggarwal, by his own admission, became aware of the Government's attempt to serve him in 2009, *see* Dkt. #31-2 ¶¶ 3, 4, does not require a different result.  As the Third Circuit has explained,

- 4 -

> notice, though necessary, is not sufficient to effect service ... . Although notice underpins Federal Rule of Civil Procedure 4 concerning service, notice cannot by itself validate an otherwise defective service.  Proper service is still a prerequisite to personal jurisdiction.  Inquiry into the propriety of service is separate from, and in addition to, the due process concerns present in an inquiry into the notice itself.

*Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993).

Under these circumstances, Aggarwal's motion must be granted.  While it is Aggarwal's burden to demonstrate that proper service did not occur, *see Burda Media*, 417 F.3d at 299, I find that he has met that burden here.  The Government's own account of the means by which service was attempted demonstrates that it was not in compliance with the Federal Rules.

Because valid service was never effected, it is also unnecessary for the Court to consider the factors generally applicable to a motion to set aside a default judgment under Rule 60(b), *i.e.*, whether the default was willful, whether the defaulting party has a meritorious defense, and prejudice to the non-defaulting party that would result if the default judgment were vacated.  *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (listing factors).  "[S]ince '[a] default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside,' in such instances, the district court need not resort to an analysis of the three factors listed above."  *O'Donnell v. Shalayev*, No. 01-4721, 2004 WL 2958698, at *4 (D.N.J. Dec. 22, 2004) (quoting *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985)).  *See also United States v. Kadoch*, No. 96 CV 4720, 2011 WL 2680510, at *2 (E.D.N.Y. June 10, 2011) ("It is clear that '[a] court may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process'") (quoting *Copelco Capital. Inc. v. General Counsel of Bolivia*, 940 F.Supp. 93, 94 (S.D.N.Y. 1996)) (additional internal quotation marks omitted).

In light of the Court's decision in this regard, the additional relief requested by Aggarwal is also warranted.  Aggarwal states that he consents to accept service of process through his attorney, which I find to be reasonable and acceptable.  *See Marlabs Inc. v. Jakher*, No. 07-cv-

04074, 2010 WL 1644041, at *3 (D.N.J. Apr. 22, 2010) ("This Court will permit Defendant to be served through counsel, as it is apparent that he is in contact with his attorney").  In addition, the deposition subpoena served on Aggarwal must be quashed, since the case now stands in a different posture from when it was served on Aggarwal, and a deposition at this point would be premature.

## CONCLUSION

The motion (Dkt. #31) by counterclaim-defendant Rakesh Aggarwal to vacate the default judgment entered against him on October 27, 2011, and for other relief, is granted.

The default judgment entered against counterclaim-defendant Rakesh Aggarwal (Dkt. #29) is hereby vacated.  The subpoena served on Aggarwal by defendant/counterclaim-plaintiff United States of America is hereby quashed.

Based on Aggarwal's consent, it is ORDERED that service of the counterclaim against Aggarwal may be made on Aggarwal's counsel, Peter Weishaar, Esq.,within ten (10) days of entry of this Decision and Order and Aggarwal is directed to answer or otherwise move against the counterclaim within thirty (30) days after such service.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
　　　　December 12, 2011.

- 6 -